UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GEVON PATTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 2:19-CV-160-TAV-CRW |
| | ) |
| BERT BOYD, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

This matter comes before the Court on the pro se petition of Gevon Patton for a writ of habeas corpus under 28 U.S.C. § 2254, and Respondent's motion to dismiss the petition as untimely. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed with prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

In March 2013, following a jury trial in the Hamblen County Criminal Court, Petitioner was convicted of especially aggravated kidnapping and criminally negligent homicide and was sentenced to an effective sentence of twenty-five (25) years' confinement in the Tennessee Department of Corrections. *State v. Patton*, No. E2013-01355-CCA-R3-CD, 2014 WL 1512830 (Tenn. Crim. App. Apr. 16, 2014), *perm. app. denied* (Tenn. Oct. 22, 2014) [Doc. 7-1 p. 134–35]. The Tennessee Supreme Court denied Petitioner's application for discretionary review on October 22, 2014 [Doc. 7-13].

On June 29, 2015, Petitioner filed a petition for post-conviction relief in State court [Doc. 7-14 p. 3–30]. The post-conviction court denied the petition, and the Tennessee

Court of Criminal Appeals ("TCCA") affirmed. *Patton v. State*, No. E2017-00886-CCA-R3-PC, 2018 WL 1779382 (Tenn. Crim. App. Apr. 13, 2018), *perm. app. denied* (Tenn. Sept. 13, 2018). The Tennessee Supreme Court denied discretionary review on September 13, 2018 [Doc. 7-39].

On September 9, 2019, Petitioner filed the instant petition for writ of habeas corpus [Doc. 1]. Thereafter, the Court ordered Respondent to respond to petition, and Respondent complied by filing a motion to dismiss the petition as untimely on October 8, 2019 [Doc. 3; Doc. 8]. Petitioner did not file a reply, and the deadline to do so has passed [*See* Doc. 3 p. 1]. Accordingly, this matter is ripe for review.

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

2

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (citations omitted).

## III. DISCUSSION

Petitioner's conviction became "final" on January 20, 2015—the expiration of the time to seek certiorari review in the United States Supreme Court following the Tennessee Supreme Court's denial of discretionary review. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *see also* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed with Supreme Court Clerk within ninety (90) days after entry of order denying discretionary review). Therefore, the statute of limitations began running the following day, January 21, 2015, and was tolled on June 29, 2015, when Petitioner filed his petition for post-conviction relief in State court [Doc. 7-14 p. 3]. *See* 28 U.S.C. § 2244(d)(2). The limitations period remained tolled during the pendency of Petitioner's post-conviction proceedings, which concluded on September 13, 2018, when the

3

Tennessee Supreme Court denied him permission to appeal from the denial of post-conviction relief. *See Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. May 20, 2011) ("The clock began to run again . . . after the Tennessee Supreme Court declined jurisdiction over Petitioner's post-conviction appeal."). Accordingly, once the tolling ended, Petitioner had 205 days—until April 8, 2019[1]—to submit a timely federal habeas petition. Petitioner did not file his federal habeas petition until September 9, 2019 [Doc. 1 p. 14].[2] Accordingly, the petition was not timely filed, and the Court can consider it only if Petitioner establishes an entitlement to equitable tolling of the limitations period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies).

To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 418 n.8 (2005)).

Here, Petitioner acknowledges the untimeliness of his petition but nonetheless claims an entitlement to equitable tolling because his post-conviction attorney misinformed him of the federal filing deadline [Doc. 1 p. 13]. His petition includes an affidavit from his post-conviction attorney stating that she "misread, misunderstood, or misinterpreted" the

---

[1] Petitioner's federal habeas deadline actually fell on Sunday, April 7, 2019, but was extended until the next business day under Rule 6(a) of the Federal Rules of Civil Procedure.

[2] A prisoner's pleading is deemed filed on the day it was delivered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266 (1977) (declaring "mailbox rule"). Because Petitioner states that his petition was placed in the prison mailing system on September 9, 2019 [Doc. 1 p. 14], the Court finds the petition was "filed" on that date.

4

filing deadline [Doc. 1-3].  However, Sixth Circuit law does not generally permit equitable tolling of a filing deadline due to an attorney's miscalculation of the deadline.  *See Giles v. Beckstrom*, 826 F.3d 321, 325–26 (6th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 651-52 (2012)); *see also Lawrence*, 549 U.S. at 336 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling.").

While the Supreme Court has held that serious instances of attorney misconduct might, in some cases, constitute an extraordinary circumstance necessary to justify equitable tolling, Petitioner presents no argument that sufficiently egregious misconduct on the part of counsel occurred in this case.  *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010) (noting showing of incompetence or abandonment might warrant equitable tolling).  Rather, the misunderstanding of section 2244(d)'s language by Petitioner's attorney is the type of "garden variety claim of excusable neglect" that does not justify equitable tolling.  *See Holland*, 560 U.S. at 651–52.

Finally, the Court notes that there is no constitutional right to an attorney in State post-conviction proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Therefore, the negligence of Petitioner's post-conviction counsel does not form a basis for equitable tolling.  *See Lawrence*, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

Accordingly, Petitioner has not demonstrated that he is entitled to equitable tolling, and the instant petition is untimely.

**IV.    CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

**V.    CONCLUSION**

For the reasons set forth herein, Respondent's motion [Doc. 8] will be **GRANTED**, and the federal habeas petition will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
